[counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SULLIVAN, KENNETH S. SALADIN, ZVI BODIE, ALAN J. MARCUS, KEVIN T. PATTON, LION DEN INC., and DANA LOEWY individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>META PLATFORMS, INC. and MARK ZUCKERBERG,<br><br>Defendants. | Case No. 3:26-cv-06793-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Trial Date: None<br>Date Action Filed: July 2, 2026<br><br>Case Management Conference Date: August 14, 2026<br>Time: 1:00 PM<br><br>Judge: The Hon. V. Chhabria |

## BACKGROUND AND INTRODUCTION

Pursuant to Civ. L.R. 16-9(a) and (b) and the Court's instruction at the July 31 Case Management Conference, Plaintiffs Michael Sullivan, Kenneth S. Saladin, Zvi Bodie, Alan J. Marcus, Kevin T. Patton, Lion Den Inc., and Dana Loewy, and Defendants Meta Platforms, Inc. ("Meta") and Mark Zuckerberg (collectively the "Parties"), hereby submit the following streamlined Joint Case Management Statement and proposed case schedule in advance of the Case Management Conference scheduled for August 14, 2026.

### A. Plaintiffs' Position on Specific Paragraphs of Fed. R. Civ. P. 23 Under Which the Action is Maintainable as a Class Action

Plaintiffs bring this action under Federal Rule of Civil Procedure 23(a) and seek certification under Rule 23(b)(3) as to their claims for damages and under Rule 23(b)(2) as to their claims for declaratory and injunctive relief, including restoration of copyright-management information pursuant to 17 U.S.C. § 1203(b)(1). Compl. ¶ 108; *id.* ¶¶ 122, 127, 132, 139; *id.* Prayer for Relief ¶¶ b–d. Plaintiffs further seek the undersigned attorneys for Sullivan, et al. to be appointed as Class Counsel under Rule 23(g). Compl. ¶ 116; *id.* Prayer for Relief ¶ a. Plaintiffs reserve the ability to seek certification of particular issues under Rule 23(c)(4), or the designation of subclasses under Rule 23(c)(5), should the record developed in discovery make either course appropriate.

### B. Description of the Class or Classes in Whose Behalf the Action is Brought

Plaintiffs bring this action on behalf of a single Class, defined in the Complaint as follows (Compl. ¶ 108):

> All textbook authors who hold legal or beneficial ownership of a United States copyright in a textbook that Meta downloaded, copied, reproduced, uploaded, and/or otherwise distributed via BitTorrent, or otherwise used to train its Llama models between July 7, 2020, and the present (the "Class Period"), and that was

registered with the United States Copyright Office (i) within five years of the work's first publication and before Meta's copying, or (ii) within three months of the work's first publication.

For purposes of the Class, a "textbook" is defined as "a book in any medium, including printed and digital, created for the express purpose of teaching academic subject matter to primary school, secondary school, college, university, graduate, professional, or continuing education students and marketed, offered, or selected for educational instruction in a classroom or course setting." Compl. ¶ 109; *see also id.* ¶ 78.

Excluded from the Class are Defendants; their officers, directors, employees, parents, subsidiaries, and affiliates; all governmental entities; and the judge and chambers staff assigned to this case and their immediate families. Compl. ¶ 110.

The Class is defined by objective criteria. Membership turns on the category of the work, on the fact of Defendants' acquisition or use of the work during the Class Period, and on the timing of the work's registration with the United States Copyright Office. Compl. ¶¶ 108–109; The first two criteria are determinable from Defendants' own acquisition, library, and training-corpus records. The Complaint alleges that Meta obtained the works at issue from identified shadow-library sources and datasets (Compl. ¶¶ 46–50), that the copying and distribution of those acquisitions are reflected in Meta's own records, including its cloud-services billing records (*id.* ¶¶ 51–52), and that Meta cross-referenced the pirated titles in its Library Genesis collection against books available for license (*id.* ¶ 68). The registration criterion (and also the category of work) are determinable from public Copyright Office records; Plaintiffs have applied that screen to the named Plaintiffs' representative works in Exhibit A to the Complaint. Compl. ¶ 34 & Ex.

### C. Plaintiffs' Position on Facts Showing That the Party is Entitled to Maintain the Action Under Fed. R. Civ. P. 23(a) and (b)[1]

This action arises from a single, uniform course of conduct by a single set of Defendants: the acquisition of books by torrenting from shadow libraries, the distribution of those books by seeding to BitTorrent peers, the removal of copyright-management information from them, and their use to train the Llama models. Compl. ¶¶ 37–104. The Class is defined by the category of work at issue rather than by any characteristic of its individual members, and every Class member's claim arises from the same conduct, directed at the same body of works, acquired in the same way.

**Numerosity — Rule 23(a)(1).** Plaintiffs allege that textbook authors number at least in the thousands and, on information and belief, that textbooks constitute approximately twenty-five percent of the works within the broader population of works Defendants copied. Compl. ¶ 111. Joinder of all Class members is impracticable. The precise number and identity of Class members are presently within Defendants' possession, in the records described in Section B above.

**Commonality — Rule 23(a)(2).** The Complaint identifies questions of law and fact common to the Class, including whether Meta reproduced the Class's textbooks; whether Meta distributed them by torrenting; whether Meta removed copyright-management information; whether Meta's conduct was willful; whether that use infringed the Class's exclusive rights; whether Meta's use harmed the market for textbooks through substitution or dilution; and the appropriate relief. Compl. ¶ 112. Each of those questions is pleaded by reference to Defendants' own conduct: (i) the sources and manner of acquisition (*id.* ¶¶ 46–51), (ii) the uploading and seeding of the works (*id.* ¶¶ 52, 56); (iii) the CMI-removal script (*id.* ¶¶ 57–58), (iv) Defendants' knowledge that the sources were pirated (*id.* ¶¶ 65–71), (v) and by reference to the market for

[1] Sections A-C set forth Plaintiffs' position. Meta does not agree with the alleged facts or legal conclusions set forth in these sections.

textbooks as a category of work (*id.* ¶¶ 93–104), rather than to evidence particular to any individual author or title.

**Typicality — Rule 23(a)(3).** Plaintiffs' claims are typical of the Class's claims because Plaintiffs and the Class are textbook authors whose registered textbook works were copied, distributed, and used by Meta in the same manner, and who suffered the same type of harm. Compl. ¶ 113. Each named Plaintiff is the author of textbooks falling within the Class definition, or the corporate entity through which a named Plaintiff authored his textbooks (*id.* ¶¶ 13–14, 17–18, 20–21, 23–24, 26–29, 30–31), one or more editions or versions of each named Plaintiff's representative works has been registered as a literary work with the Copyright Office (*id.* ¶ 34 & Ex. A), and each holds beneficial ownership of copyright under a publishing agreement of the standard form described in the Complaint (*id.* ¶ 33; *see also id.* ¶¶ 15, 19, 22, 25, 29, 32).

**Adequacy — Rule 23(a)(4).** Plaintiffs will fairly and adequately protect the interests of the Class. Compl. ¶ 114. Because the Class is limited to textbook authors, the interests of the representatives and of absent members are aligned as to the works at issue, the market in which those works compete, the evidence required to prove market harm, and the allocation of any recovery. The Class definition does not combine authors with publishers, or textbook authors with authors of trade, general-interest, or other works, and the divergences of interest that such a combined structure would present therefore do not arise. Each individual named Plaintiff is a working textbook author. *Id.* ¶¶ 13–14, 17–18, 20–21, 23–24, 26–27, 30–31. Two are past presidents of the Textbook & Academic Authors Association. *Id.* ¶¶ 16, 26.

**Predominance — Rule 23(b)(3).** The common questions identified above predominate over any individual questions.

*Ownership.* The Complaint alleges a uniform contractual structure across textbook publishing: the author assigns exclusive publication and distribution rights to the publisher,

subject to the publisher's obligation to pay royalties on its exploitation of those rights, so that the author is the beneficial owner entitled to institute an action for infringement under 17 U.S.C. § 501(b). Compl. ¶ 33. Whether that standard structure confers beneficial ownership is a legal question common to the Class rather than an inquiry that varies author by author.

*Market harm.* Whether Defendants' use harmed the market for textbooks through substitution or dilution is a question about a single, functionally homogeneous category of works sold into a single identifiable market in which a work's value depends on its accuracy, currency, sequencing, and pedagogical exposition rather than on characteristics unique to a particular author. Compl. ¶¶ 94–104. Proof will accordingly be common: it will address whether the Meta's artificial intelligence models are capable of generating substitutes for instructional works, whether such substitutes compete in the educational market, what effect that competition has on textbook adoptions and sales, how that effect compares to a world in which the models were not trained on textbooks, whether there exists a licensing market for textbooks to train artificial intelligence, and whether Meta's conduct deprived Plaintiffs of compensation derived from that licensing market.

*Relief.* Class members' claims arise under statutes that provide for statutory damages elected on a per-work basis, 17 U.S.C. §§ 504(c), 1203(c), so that the calculation of relief follows from the number of qualifying works and the resolution of the common liability and willfulness questions.

**Superiority — Rule 23(b)(3).** A class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Compl. ¶ 115. The cost of establishing Defendants' acquisition, distribution, and training conduct, and of developing the economic proof of harm to the textbook market, is far beyond what any individual author could justify against the recovery available on a single work. Separate actions by individual Class members would duplicate that expense across thousands of cases against a single set of Defendants and would risk

inconsistent adjudications on questions (such as, the fact and manner of Defendants' copying, the removal of copyright-management information, willfulness, and market harm) that are identical across the Class.

**Rule 23(b)(2).** Defendants have acted on grounds generally applicable to the Class, making final declaratory and injunctive relief appropriate respecting the Class as a whole. Compl. ¶ 115. Plaintiffs seek certification under Rule 23(b)(2) as to declaratory and injunctive relief only, including relief restraining further infringement and requiring restoration of copyright-management information under 17 U.S.C. § 1203(b)(1). *Id.* ¶¶ 132, 139; *id.* Prayer for Relief ¶ d. Plaintiffs do not seek certification of their damages claims under Rule 23(b)(2).

**D. A Proposed Date for the Court to Consider Whether the Case can be Maintained as a Class Action**

*Plaintiffs' Position*

In the interest of judicial efficiency, Plaintiffs propose that the class certification motion and any motion for summary judgment be filed on the same date, briefed in parallel, and heard together, so that both questions reach the Court on a single, complete record.

*Defendants' Position*

Defendants propose that the Court hold a conference within 30 days of the Court's ruling on summary judgment to set a schedule for discovery related to class certification and class certification briefing.

**E. ESI Protocol and Protective Order**

The Parties have agreed on a Protective Order and have filed their proposal with the Court at ECF No. 42. The Parties will file a proposed ESI Protocol in advance of the Case Management Conference.

**F. Discovery**

Pursuant to the Court's instruction at the July 31, 2026, Case Management Conference, Meta will begin producing the discovery already produced in the *Kadrey, Entrepreneur*, and *Three Cs* matters to Plaintiffs promptly upon the Court's entry of a Protective Order and ESI Protocol.

**G. Case Schedule**

The Parties have conferred on a case management schedule and have sought to narrow the deadlines and issues in dispute. However, the Parties have different positions on the staging of summary judgment and class certification briefing as well as discovery relevant to class certification. The Parties' positions are set forth below.

*Plaintiffs' Position*

In the interest of adjudicating this case in timely fashion, Plaintiffs propose that the class certification motion and any motion for summary judgment be filed on the same date, briefed in parallel, and heard together, so that both questions reach the Court on a single, complete record. The record in this action will benefit from the significantly developed record in the related cases and deferring certification until summary judgment after would postpone class discovery and certification proceedings by more than a year on the premise that they may never be needed.

*Defendants' Position*

Defendants propose that summary judgment briefing proceed before class certification, with discovery on Plaintiffs' individual claims preceding discovery that is relevant to class certification. This schedule would mirror the sequencing of briefing and discovery in *Kadrey*. *See, e.g.*, *Kadrey et al v. Meta Platforms, Inc.*, No. 3:23-cv-03417, ECF. No. 700 (Mar. 25, 2026). The schedule would also preserve the parties' time and resources by limiting potentially unnecessary and overbroad discovery and would preclude briefing on issues that

may become irrelevant following summary judgment. Defendants' proposed schedule also tracks the sequencing of other AI copyright cases before this Court.

| Case Management Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Deadline to File ADR Certification. (*See* ADR L.R. 3)[2] | August 14, 2026 | |
| Defendants' Deadline to Respond to the Complaint | September 8, 2026 | |
| Deadline to Make Initial Disclosures | September 15, 2026 | |
| Plaintiffs' Deadline to File Opposition to any Motion to Dismiss | October 5, 2026 | |
| Defendants' Deadline to File Reply in Support of any Motion to Dismiss | October 20, 2026 | October 27, 2026 |
| Motion to Dismiss Hearing / Case Management Conference | November 13, 2026 | December 3, 2026 |
| Last Day to Amend Complaint Without Leave of Court | 45 days following MTD ruling | |
| Deadline to File Answer for any Defendant That Moved to Dismiss the Complaint | 30 days following MTD ruling, subject to change if amended complaint is filed | |
| ***Fact Discovery*** | | |
| Substantial completion of Defendants' document production | March 12, 2027 | June 28, 2027 |
| Fact Discovery Cut-Off | June 28, 2027 (including class discovery) | June 28, 2027 (Plaintiffs' individual claims only) |
| Last day to file joint discovery statement re: fact discovery (Civil L.R. 37-3) | July 6, 2027 | |
| ***Expert Discovery*** | | |
| Deadline for Opening Expert Reports | September 14, 2027 | |
| Deadline for Rebuttal Expert Reports | October 19, 2027 | |
| Deadline for Reply Expert Reports | November 9, 2027 | November 17, 2027 |
| Close of Expert Discovery | December 7, 2027 | December 23, 2027 |

[2] The Parties conferred and are not at this time seeking from the Court any referrals or deadlines related to alternative dispute resolution.

| Case Management Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
| --- | --- | --- |
| Last day to file joint discovery statement re: expert discovery (Civil L.R. 37-3) | December 14, 2027 | December 30, 2027 |
| ***Summary Judgment*** | | |
| Deadline for Summary Judgment Brief 1 (Plaintiffs' Opening Brief(s)) | January 7, 2028 | February 8, 2028 |
| Deadline for Summary Judgment Brief 2 (Defendants' Opening Briefs & Oppositions) | February 8, 2028 | March 8, 2028 |
| Deadline for Summary Judgment Brief 3 (Plaintiffs' Oppositions & Replies) | February 23, 2028 | March 29, 2028 |
| Deadline for Summary Judgment Brief 4 (Defendants' Replies) | N/A | April 12, 2028 |
| Summary Judgment Hearing | March 16, 2028 | May 12, 2028 |
| ***Class Certification*** | | |
| Deadline to file Plaintiffs' motion for class certification, including the Manageability of the Class Action Trial section and proposed verdict form required by Standing Order ¶ 55. | January 7, 2028 | Defendants propose scheduling a conference to discuss the schedule for class certification related discovery and class certification briefing within 30 days of the Court's summary judgment ruling. |
| Deadline to file any opposition to class certification | February 8, 2028 | Same as above |
| Deadline to file replies in support of class certification | February 23, 2028 | Same as above |
| Class certification hearing | March 16, 2028 | Same as above |
| ***Class Notice (if certification is granted)*** | | |
| Proposed notice plan submitted | 21 days after certification order | |
| Notice program commences | 30 days after approval of notice plan | |
| Opt-out deadline | 60 days after notice commences | |
| ***Trial and Pretrial*** | | |
| Pretrial Conference | June 15, 2028 | Defendants propose setting a trial date and pretrial conference within 30 |

| Case Management Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| | | days of the Court's summary judgment ruling. |
| Jury Trial | June 26, 2028 | Same as above |

Dated: August 12, 2026

By: /s/David Slarskey

**SLARSKEY LLC**
David N. Slarskey (*pro hac vice)*
dslarskey@slarskey.com
Adam Hollander (*pro hac vice)*
Deepa Devanathan (*pro hac vice)*
Phillip Gasperetti (*pro hac vice)*
825 Third Avenue, 32nd Floor
New York, NY 10022Tel: (212) 658-0661

**ARCHSTONE LAW GROUP, P.C.**
Brenda Ulrich (*pro hac vice pending*)
Zick Rubin (*pro hac vice*)
bulrich@archstonelaw.com
zrubin@archstonelaw.com
Riverside Center
275 Grove Street, Suite 2-400
Newton, MA 02466
Tel: (781) 314-0100

**GAW POE LLP**
Randolph Gaw (S.B. #223718)
rgaw@gawpoe.com
One Embarcadero Ctr., Suite 1200
SAN FRANCISCO, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

*Counsel for Plaintiffs and the Proposed Class*

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice forthcoming*)
(kdunn@dirllp.com)
JESSICA E. PHILLIPS (*pro hac vice forthcoming*)
(jphillips@dirllp.com)
KYLE N. SMITH (*pro hac vice forthcoming*)
(ksmith@dirllp.com)
MERYL GOVERNSKI (*pro hac vice forthcoming*)
(mgovernski@dirllp.com)
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 240-2900

COOLEY LLP
BOBBY GHAJAR (SBN 198719)
(bghajar@cooley.com)

1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883 6400
Facsimile: (310) 883 6500

KATHLEEN R. HARTNETT (SBN 314267)
(khartnett@cooley.com)
MARK R. WEINSTEIN (SBN 193043)
(mweinstein@cooley.com)
ELIZABETH L. STAMESHKIN (SBN 260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

PHILLIP E. MORTON (*pro hac vice forthcoming*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

CLEARY GOTTLEIB STEEN & HAMILTON LLP
ANGELA L. DUNNING (SBN 212047)
(adunning@cgsh.com)
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4131

Attorneys for Defendant
*Meta Platforms, Inc.*

**FILER'S ATTESTATION**

I, Phillip Gasperetti, am the CM/ECF user whose ID and password are being used to file this Joint Initial Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 12, 2026 By */s/ Phillip Gasperetti*