KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
MERYL C. GOVERNSKI (*pro hac vice*)
mgovernski@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice forthcoming*)
jphillips@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

MARK R. WEINSTEIN
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN
lstameshkin@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MICHAEL SULLIVAN, *et al.*,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:26-cv-06793-VC

**DEFENDANT META PLATFORMS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

Action Filed: July 2, 2026
Judge: Hon. Vince Chhabria

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Complaint filed by Michael Sullivan, Kenneth S. Saladin, Zvi Bodie, Alan J. Marcus, Kevin Patton, Lion Den Inc., and Dana Loewy (collectively, "Plaintiffs"). To the extent that the introductory paragraph to the Complaint contains any factual allegations that require a response, Meta denies those allegations. For allegations which refer collectively to "Defendants" on a group-pleading basis, Meta answers only as to Meta given that Mark Zuckerberg was dismissed from this action on September 3, 2026. Dkt. 60, 62. Meta further treats any reference to Mr. Zuckerberg in the Complaint as references to a non-party. Unless specifically admitted, Meta denies each of the allegations in the Complaint.

## INTRODUCTION[1]

1. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has created a series of LLMs under the name Llama and that it used publicly available data to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 1, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights, and that this action is suitable for class treatment under Rule 23.

2. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has created a series of LLMs under the name Llama; that it used publicly available data to research, develop, and train its Llama models; that it downloaded portions of publicly available datasets through direct download and by torrenting for training its Llama models; that during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded; and that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 2, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

3. Meta lacks knowledge and information sufficient to form a belief as to the truth of

[1] Meta includes headings as listed in the Complaint for convenience only, and denies any allegations therein.

the allegations in Paragraph 3.

4. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 4.

5. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

6. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that this action purports to assert claims for direct copyright infringement, contributory copyright infringement, and removal and distribution of copyright management information under the Digital Millennium Copyright Act. Except as expressly admitted, Meta denies the allegations in Paragraph 6, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

## JURISDICTION AND VENUE

7. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that this action purports to assert claims based upon the copyright laws of the United States, 17 U.S.C. § 101 et seq., and 17 U.S.C. § 501, 1202, and 1203, and that the Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Except as expressly admitted, Meta denies the allegations in Paragraph 7.

8. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta does not dispute personal jurisdiction in the Northern District of California for the purposes of this action. Except as expressly admitted, Meta denies the allegations in Paragraph 8.

9. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that its principal place of business is in this District, and that this Court has personal jurisdiction over it with respect to this action. Except as expressly admitted, Meta denies the allegations in Paragraph 9.

10. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that Mark Zuckerberg has an office located in Menlo Park, California. Except as expressly admitted, Meta denies the allegations in Paragraph 10.

11. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that venue is proper in this judicial district. Except as expressly admitted, Meta denies the allegations in Paragraph 11.

## INTRADISTRICT ASSIGNMENT

12. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that assignment of this action pursuant to Civil L.R. 3-2(c) and General Order No. 44 is proper. Except as expressly admitted, Meta denies the allegations in Paragraph 12.

## PARTIES

13. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, including any implication as to the validity of Plaintiff Sullivan's claimed copyrights.

16. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, including any implication as to the validity of Plaintiff Saladin's claimed copyrights.

20. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, including any implication as to the validity of Plaintiff Bodie's claimed copyrights.

23. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, including any implication as to the validity of Plaintiff Marcus's claimed copyrights.

26. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, including any implication as to the

validity of Plaintiffs Patton and Lion Den, Inc.'s claimed copyrights.

30. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, including any implication as to the validity of Plaintiff Loewy's claimed copyrights.

33. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights. To the extent Paragraph 33 summarizes or characterizes the Copyright Act, the Act speaks for itself.

34. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 or as to the content of Exhibit A, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

35. Meta admits that it is a Delaware corporation with its principal place of business in Menlo Park, California. Meta further admits that it has created a series of large language models ("LLMs") under the name Llama. Except as expressly admitted, Meta denies the allegations in Paragraph 35.

36. Meta admits that Mark Zuckerberg is Meta's founder, chairman, and CEO and has an office located in Menlo Park, California. Except as expressly admitted, Meta denies the allegations in Paragraph 36.

## FACTUAL ALLEGATIONS

### I. General Allegations

37. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it has created a series of LLMs under the name Llama. Meta admits it downloaded portions of publicly available datasets to research, develop, and train its Llama models through direct download and by torrenting, and that during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 37, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

38. Meta admits the allegations in Paragraph 38.

39. Meta admits that Llama versions 3.1, 3.2, 3.3, and 4 currently can be downloaded. Except as expressly admitted, Meta denies the allegations in Paragraph 39.

40. Meta admits that Llama versions 3.1, 3.2, 3.3, and 4 currently can be downloaded and used in accordance with the applicable license agreement associated with the particular Llama version. Except as expressly admitted, Meta denies the allegations in Paragraph 40.

41. Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Meta further admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 pertaining to third parties. Except as expressly admitted, Meta denies the allegations in Paragraph 41.

42. Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Meta further admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42

pertaining to third parties. Except as expressly admitted, Meta denies the allegations in Paragraph 42.

43. To the extent Paragraph 43 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this Paragraph is intended to pertain specifically to Meta, Meta admits that some of its Llama models have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune its Llama models and to assess the general knowledge and expressive abilities of models. Except as expressly admitted, Meta denies the allegations in Paragraph 43.

44. To the extent Paragraph 44 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this Paragraph is intended to pertain specifically to Meta, Meta denies the allegations in Paragraph 44.

45. Meta admits that it obtained publicly available data to research, develop, and train some of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 45.

46. Meta admits that it downloaded portions of publicly available datasets through direct download and by torrenting. Meta admits that some of the data that was acquired included data from Books3, LibGen, Z-Library, and Sci-Hub, portions of which were utilized to train certain of its Llama models. Meta further admits that it obtained publicly available web data that was collected by the Common Crawl Foundation. Meta further admits that it has used web crawlers to download publicly available web data available on publicly accessible websites. Meta admits that publicly available web data was used for training certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 46.

47. Meta admits that it obtained data from publicly available sources such as Anna's Archive and Common Crawl, portions of which were utilized to train certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 47.

48. Meta admits that it has used web crawlers, including its own web crawler named

SpiderMate, to download data available on websites for training certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 48.

49. Meta admits that data from LibGen was downloaded in or about October 2022 for purposes of researching, developing, and training Llama 1. Meta further admits that Llama 1 was not trained on any data from LibGen. Except as expressly admitted, Meta denies the allegations in Paragraph 49.

50. Meta admits that in 2023 it downloaded data from LibGen through direct download and by torrenting, and that data was used to develop and train certain of Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 50.

51. Meta admits that it downloaded portions of data from the publicly available source Anna's Archive (including portions of data from Z-Library and LibGen) via torrent. Meta further admits that during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Meta further admits that it trained some of its Llama models using data that was included in Books3. Except as expressly admitted, Meta denies the allegations in Paragraph 51.

52. Meta admits that, during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 52.

53. Meta objects to the definition of "Llama models" which purports to include "all versions, iterations, and relatives of Llama in any stage of their development and lifecycle . . . and the development of further versions," and on that basis denies the allegations in Paragraph 53.

54. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained portions of publicly available datasets for training certain of its Llama models. Meta further admits that Llama 1 was trained prior to its public release in February 2023; that Llama 2 was trained prior to its public release in July 2023; and that Llama 3 was released in April 2024. Except as expressly admitted, Meta denies the allegations in Paragraph 54.

55. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, Meta admits it downloaded portions of publicly available datasets for training its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 55.

56. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it downloaded portions of certain publicly available data sets through direct download and by torrenting and that, during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it obtained portions of publicly available datasets for training certain of its Llama models. Meta further admits that it created a script to remove repetitive text from the training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 57.

58. Meta admits that it created a script to remove repetitive text from the training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 58.

59. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that its engineers discussed Llama's answers to prompts asking about the model's training. Except as expressly admitted, Meta denies the allegations in Paragraph 59.

60. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained portions of publicly available datasets of diverse text for training certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 60. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

61. The allegations in Paragraph 61 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

62. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 62, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

63. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 63.

64. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64 pertaining to third parties. Except as expressly admitted, Meta denies the allegations in Paragraph 64.

65. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 65.

66. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 66.

67. Meta admits that certain of its employees commented regarding the use of data sourced from certain websites to train certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 67.

68. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and ultimately decided to train some of its Llama models using publicly available data. Meta further admits that data from LibGen was downloaded and used to develop and train certain of Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 68.

69. Meta denies the allegations in Paragraph 69.

70. Meta admits that it obtained data from publicly available sources in 2024. Except as expressly admitted, Meta denies the allegations in Paragraph 70.

71. Meta admits that its securities filings include statements concerning litigation risks. To the extent the allegations in Paragraph 71 purport to characterize or summarize Meta's

securities filings, those documents speak for themselves.

72. Meta admits that certain of its employees commented on the use of books data, among other materials, to train Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 72.

73. Meta admits that certain of its employees commented on the use of books data, among other materials, to train Meta's Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 73.

74. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 state legal arguments to which no response is required. To the extent Paragraph 75 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph is intended to pertain specifically to Meta, and to the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 75.

76. Meta admits that, beginning with Llama 2, it has incorporated technology based on some of its Llama models into its other products and services, including WhatsApp, Instagram, Messenger, Facebook, and Meta smart glasses. Except as expressly admitted, Meta denies the allegations in Paragraph 76.

77. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it issued a takedown notice related to Llama 1. Meta further admits that it obtained portions of publicly available datasets for training certain of its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 77, including any implication of the validity of Plaintiff's claimed copyrights.

## II. TEXTBOOKS AND TEXTBOOK AUTHORS

78. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. The allegations in this paragraph state legal conclusions and arguments to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. The allegations in this paragraph contain hypotheticals to which no response is required. To the extent a response is required, Meta admits that its Llama models can create text outputs in response to user prompts. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, including those that characterize textbook revision processes or pertain to Plaintiffs' prompts to Meta's Llama models concerning Plaintiffs' works. Except as expressly admitted, Meta denies the allegations in Paragraph 88.

89. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. Meta lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 90.

91. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

**III. THE TEXTBOOK MARKET**

93. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

**IV. DEFENDANTS' USE OF TEXTBOOKS TO TRAIN THEIR LLAMA MODELS THREATENS TO DISPLACE THE TEXTBOOK MARKET.**

96. As Paragraph 96 pertains generally to LLMs and not any particular LLMs of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96.

97. Meta admits that its Llama models have been trained using training data, including textbook data in some circumstances, among many other materials. Except as expressly admitted, Meta denies the allegations in Paragraph 97.

98. Meta admits that its Llama models have been trained using training data, including textbook data in some circumstances, among many other materials and that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 98.

99. The allegations in this paragraph contain hypotheticals and legal arguments to which no response is required. To the extent a response is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. The allegations in this paragraph contain hypotheticals, legal conclusions, and legal

arguments to which no response is required. Further, Paragraph 100 pertains generally to LLMs and not any particular LLMs of Meta. To the extent a response is required, Meta denies the allegations in Paragraph 100.

101. The allegations in this paragraph contain hypotheticals, legal conclusions, and legal arguments to which no response is required. Further, Paragraph 101 pertains generally to LLMs and not any particular LLMs of Meta. To the extent this paragraph contains allegations intended to pertain specifically to Meta, Meta denies the allegations in Paragraph 101.

102. The allegations in this paragraph contain hypotheticals, legal conclusions, and legal arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 102 pertaining to Meta. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102 pertaining to third parties.

103. Meta admits that it contacted certain publishers and internally discussed licensing certain types of data to train its Llama models and ultimately, in some cases, decided to train certain Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 103.

104. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta admits that it obtained data from publicly available sources for purposes of developing and training certain of its Llama models. Meta further admits that it did not obtain a license for the use of works Plaintiffs or the Class are asserting in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 104.

## V. Plaintiffs' Claims Are Timely

105. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 105.

106. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 106.

107. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 107.

## CLASS ACTION ALLEGATIONS

108. The allegations in Paragraph 108 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

109. The allegations in this paragraph contain Plaintiffs' definition of "textbooks" for purposes of this litigation to which no response is required. To the extent a response is required, Meta admits that Plaintiffs purport to define "textbooks" for the purposes of this putative Class. Except as expressly admitted, Meta denies the allegations in Paragraph 109, including that this action is suitable for class treatment under Rule 23.

110. The allegations in Paragraph 110 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

111. The allegations in Paragraph 111 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that it possesses information concerning the exact number of members of Plaintiffs' putative class. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111.

112. The allegations in Paragraph 112 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies that this action is suitable for class treatment under Rule 23.

113. The allegations in Paragraph 113 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 113.

114. The allegations in Paragraph 114 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 114.

115. The allegations in Paragraph 115 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph

115.

116. The allegations in Paragraph 116 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 116.

**<u>CAUSES OF ACTION</u>**

**<u>COUNT I — Direct Copyright Infringement (17 U.S.C. §§ 106(1), 106(2), 106(3), 501) against all Defendants</u>**

117. Meta incorporates by reference its responses to Paragraphs 1 through 116 above as though fully set forth herein.

118. Meta admits that Plaintiffs and the Class purport to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 118, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

119. The allegations in Paragraph 119 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 119, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

120. The allegations in Paragraph 120 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that, during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 120, including any implication of the validity of Plaintiffs' and the Class's claimed copyrights.

121. Meta denies the allegations in Paragraph 121.

122. The allegations in Paragraph 122 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 122, denies that the relief sought is appropriate, and denies that Plaintiff and the Class are entitled to any relief in this action.

**<u>COUNT II — Contributory Copyright Infringement against all Defendants</u>**

123. Meta incorporates by reference its responses to Paragraphs 1 through 122 above as

though fully set forth herein.

124. The allegations in Paragraph 124 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that, during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 124.

125. The allegations in Paragraph 125 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 125.

126. Meta denies the allegations in Paragraph 126.

127. The allegations in Paragraph 127 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 127, denies that the relief sought is appropriate, and denies that Plaintiff and the Class are entitled to any relief in this action.

**COUNT III — Removal of Copyright-Management Information (17 U.S.C. § 1202(b)) against all Defendants**

128. Meta incorporates by reference its responses to Paragraphs 1 through 127 above as though fully set forth herein.

129. The allegations in Paragraph 129 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 129.

130. The allegations in Paragraph 130 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 130, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

131. Meta denies the allegations in Paragraph 131.

132. The allegations in Paragraph 132 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is

required, Meta denies the allegations in Paragraph 132, denies that the relief sought is appropriate, and denies that Plaintiff and the Class are entitled to any relief in this action.

**COUNT IV — Distribution of Copyright-Management Information (17 U.S.C. § 1202(b)) against all Defendants**

133. Meta incorporates by reference its responses to Paragraphs 1 through 132 above as though fully set forth herein.

134. The allegations in Paragraph 134 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 134.

135. The allegations in Paragraph 135 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it has removed repetitive text from certain training data for its Llama models. Meta further admits that, during the course of its downloading of certain portions of publicly available datasets via torrenting, some data was uploaded. Except as expressly admitted, Meta denies the allegations in Paragraph 135, including any implication as to the validity of Plaintiffs' and the Class's claimed copyrights.

136. The allegations in Paragraph 136 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 136.

137. The allegations in Paragraph 137 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 137.

138. Meta denies the allegations in Paragraph 138.

139. The allegations in Paragraph 139 state legal conclusions and recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 139, denies that the relief sought is appropriate, and denies that Plaintiff and the Class are entitled to any relief in this action.

## PRAYER FOR RELIEF

The allegations in this paragraph contain recitations of the relief sought by Plaintiffs and the Class to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate and denies that Plaintiffs or the Class are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Meta made any unauthorized copies of Plaintiffs' and the Class's registered copyrighted works in connection with the training and development of its LLMs, or otherwise exercised any rights provided for under 17. U.S.C. § 106, such uses constitute fair use under 17. U.S.C. § 107.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs allege infringement with respect to literary works that were allegedly included as part of the training datasets used to train Meta's Llama models, including Books3, LibGen, Z-Lib, and Internet Archive. To the extent the accused datasets include works in the public domain, unregistered works, works to which copyright protection has been abandoned, works that lack requisite originality, works that are not subject to copyright protection under the doctrines of merger, *scènes à faire* or under 17 U.S.C. § 102(b) or otherwise unprotectable under the law, or works that are subject to equitable defenses, or works that were not properly registered or renewed, provided improper notice, and/or did not comply with registration requirements and/or with other necessary formalities, Meta reserves its right to defend against Plaintiffs' claims on any or all of these grounds.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred for lack of standing to the extent certain of the Plaintiffs do not own the copyright or does not own one or more of the rights afforded under 17 U.S.C. § 106 for some or all of the works, did not suffer sufficient cognizable injury to confer Article III standing, and/or otherwise lack standing to assert the claims herein.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for removal of copyright management information is barred because Meta did not know or have reasonable grounds to know that its actions would induce, enable, facilitate, or conceal an infringement; its actions did not induce, enable, facilitate, or conceal an infringement; and Plaintiffs lack concrete injury proximately caused by any such action and, therefore, lack standing to assert that claim.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Meta uploaded portions of copyrighted works in the context of downloading training datasets via bit torrent, any such reproduction was *de minimis* and did not result in the creation of an identifiable or usable copy of any copyrighted work.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred under the doctrines of copyright misuse and unclean hands to the extent that Plaintiffs' asserted works quote from, copy, or otherwise incorporate works of others without permission; to the extent the asserted works are derivative of or copy preexisting works, including works undisclosed in Plaintiffs' copyright filings with the U.S. Copyright Office; to the extent Plaintiffs misstated or overstated its claims of copyright ownership; to the extent Plaintiffs have prompted Llama to attempt to cause those models to reproduce their works; and to the extent Plaintiffs seek to prevent activities and uses that do not implicate rights protected by 17 U.S.C. § 106.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek excessive statutory damages under their claims that are disproportional to the alleged legal violations, such damages are barred by the Due Process Clause of the Fifth Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred at least in part by the doctrine of laches or the applicable statute of limitations to the extent the claims are based on acts that occurred three or more years prior to the filing of this lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Meta did not engage in any volitional conduct capable of supporting a claim of direct copyright infringement.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, because the alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or omissions of persons other than Meta.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or acquiescence.

**DEMAND FOR JURY TRIAL**

Meta hereby demands a trial by jury on all claims, defenses, and issues so triable.

Dated: September 29, 2026

By: /s/ *Karen L. Dunn*

Karen L. Dunn (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
Meryl C. Governski (*pro hac vice*)
Jessica E. Phillips (*pro hac vice forthcoming*)
**DUNN ISAACSON RHEE LLP**
401 Ninth Street, NW
Washington, D.C. 20004-2637
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
Email: ksmith@dirllp.com
Email: mgovernski@dirllp.com
Email: jphillips@dirllp.com

Mark R. Weinstein (SBN 193043)
Elizabeth L. Stameshkin (SBN 260865)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Email: mweinstein@cooley.com
Email: lstameshkin@cooley.com

*Attorneys for Defendant Meta Platforms, Inc.*